IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE ISAAC LAZO, JR., | § | |
| TDCJ #1249924, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0986 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Jorge Isaac Lazo, Jr. (TDCJ #1249924) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge three state court felony convictions. He has also filed a memorandum of law in support of his petition. (Doc. # 13). At the Court's request, the respondent has provided Lazo's state court records. (Doc. # 18). After reviewing the pleadings and the state court records, this Court issued an order directing Lazo to show cause why his petition should not be dismissed as barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). (Doc. # 20). Lazo has filed a response to that order. (Doc. # 21). After considering all of the pleadings, the state court records, and the applicable law, the Court **dismisses** this case for reasons that follow.

**I.    BACKGROUND**

On May 19, 2004, Lazo pleaded guilty to three counts of aggravated robbery, without an agreed recommendation as to punishment, in cause numbers 973550, 974038, and 974193.

The 185th District Court of Harris County, Texas, accepted Lazo's guilty plea in each case and directed the probation officer to conduct a pre-sentence investigation. After considering a report of the probation officer's pre-sentence investigation, and testimony given at a punishment hearing, the trial court sentenced Lazo on June 29, 2004, to serve three concurrent terms of fifty years' imprisonment.

On direct appeal, Lazo complained that the trial court abused it discretion by refusing to allow him to withdraw his guilty plea, that it violated his right to due process by not placing him on community supervision, and that it subjected him to cruel and unusual punishment by imposing an excessive sentence. The intermediate court of appeals rejected Lazo's claims after summarizing the evidence of the underlying offenses:

> [Lazo] admitted that, on January 8, 2004, while driving his father's car, he stopped people by bumping the rear bumpers of their cars and, once they had stopped, robbing the victims at gunpoint with his two companions. [Lazo] reported that, during one robbery, they took the victim's car and drove it while committing other robberies.
>
> [Lazo] pled guilty to three counts of aggravated robbery. During the pre-sentence investigation, witnesses identified [Lazo] as being the gunman in at least three of the robberies. [Lazo] admitted to robbing only one person at gunpoint, but admitted to driving the car during each robbery.

*Lazo v. State*, Nos. 01-04-00875-CR, 01-04-00876-CR, 01-04-00877-CR, 2005 WL 3071955 (Tex. App. — Houston [1st Dist.] Nov. 17, 2005). The Texas Court of Criminal Appeals refused Lazo's petition for discretionary review on May 17, 2006. Thereafter, the United States Supreme Court denied Lazo's petition for a writ of certiorari on October 16, 2006. *See Lazo v. Texas*, 549 U.S. 978 (2006).

State court records provided by the respondent show that, on October 16, 2007, Lazo filed a state habeas corpus application to challenge his convictions in cause numbers 973550, 974038, and 974193. In each application, Lazo complained that his guilty plea was invalid because he was denied effective assistance of counsel. In particular, Lazo complained that his guilty plea was not intelligently made because his attorney gave him deficient advice about whether a sentence of probation was possible. After considering a detailed affidavit from Lazo's attorney, the state habeas corpus court, which also presided over Lazo's guilty plea and sentencing proceeding, entered findings of fact and concluded that Lazo was not entitled to relief. The Texas Court of Criminal Appeals agreed and, on March 12, 2008, denied relief without a written order based on the state habeas corpus court's findings. *See Ex parte Lazo*, Nos. 69,317-01, 69,318-02 & 69,317-03.

Lazo now seeks a federal writ of habeas corpus under 28 U.S.C. §2254 to challenge his aggravated robbery convictions. His federal habeas petition is dated March 25, 2008.[1] As in state court, Lazo asserts that his guilty plea was invalid because he was denied effective assistance of counsel. The pleadings document extended delay on Lazo's part in pursuing federal habeas corpus review. Accordingly, for reasons discussed in more detail below, the

---

[1] The Clerk's Office received the petition on March 31, 2008, and it is post-marked March 28, 2008, but it is dated March 25, 2008, indicating that Lazo placed his pleadings in the prison mail system on that date. For statute of limitations purposes, courts in the Fifth Circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Using the date most favorable to Lazo, the petition is construed as filed on March 25, 2008, under the mailbox rule.

Court finds that his petition must be dismissed because it is barred by the governing one-year statute of limitations.

## II.     THE ONE-YEAR STATUTE OF LIMITATIONS

As explained to Lazo in the Court's show cause order, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a habeas petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Because Lazo challenges a state court judgment, the statute of limitation for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Here, Lazo's conviction became final on October 16, 2006, when the United States Supreme Court denied his petition for a writ of certiorari. *See*

*Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) (observing that a state conviction becomes final "when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied"). That date triggered the statute of limitation found in 28 U.S.C. § 2244(d)(1)(A), which expired one year later on October 16, 2007. Lazo's pending federal habeas corpus petition, which was executed by him on March 25, 2008, is late by 161 days and is therefore time-barred unless an exception applies.

### A. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Lazo's state habeas corpus proceeding, which was filed on October 16, 2007,[2] and denied on March 12, 2008, was pending for 148 days. Lazo is entitled to statutory tolling for the time that his state habeas application was pending. Even with this amount of tolling, however, Lazo's federal petition, which was late by 161 days, remains late by 13 days.

---

[2] Lazo insists that his state application was filed on October 15, 2006, when it was signed for in the mail room. It is well established, however, that state habeas corpus applications submitted by Texas inmates are considered filed on the date they are file-stamped by the state court. *See Howland v. Quarterman*, 507 F.3d 840, 843-45 (5th Cir. 2007) (holding that the mailbox rule does not apply to state habeas applications in Texas); *see also Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Even if the Court were to consider the state habeas application as filed on October 15, 2006, this would afford only one additional day of statutory tolling and would not make a difference here.

Lazo presents no other basis for statutory tolling and the record fails to disclose any. In that regard, Lazo does not show that he was subject to state action that prevented him from filing a timely federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(B).[3] Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. §2244(d)(1)(C), (D). Accordingly, there is no sufficient statutory basis to save the petitioner's late-filed claims.

### B. Equitable Tolling

In his response to the show cause order, Lazo requests equitable tolling of the limitations period for delays that were beyond his control. Equitable tolling is an extraordinary remedy that is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quotation omitted). Thus, a "'garden variety claim of excusable

---

[3] To warrant statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the petitioner must show that: "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Lazo does not demonstrate that § 2244(d)(1)(B) applies and the record does not reflect otherwise.

neglect'" does not support equitable tolling. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626, 269 (5th Cir. 2002)), *cert. denied*, — U.S. —, 128 S. Ct. 2873 (2008). The Supreme Court has observed that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Lazo has not met either criteria here because he does not allege facts showing that he pursued his rights with the requisite diligence and he further fails to show that extraordinary circumstances prevented him from pursuing relief in a timely manner.

The procedural history, which is summarized above, demonstrates that Lazo was convicted pursuant to his guilty plea in three cases and sentenced to fifty years' imprisonment on July 29, 2004. His conviction and sentence were affirmed on direct appeal on November 17, 2005, and the Texas Court of Criminal Appeals refused his petition for discretionary review on May 17, 2006. Lazo did not seek habeas relief immediately. Instead, he filed a petition for a writ of certiorari, which the United States Supreme Court denied on October 16, 2006. Thereafter, Lazo waited nearly a full year from that time to submit a state habeas corpus petition to challenge his conviction further in October of 2007.

The record shows that Lazo executed his state habeas corpus application on September 29, 2007, and placed that application in the prison mail system on October 5, 2007. It is postmarked the same day. The record shows that Lazo mailed the application to the trial court. It was received ten days later on October 15, 2007, by court personnel in the 185th District Court and promptly transmitted to the Harris County Clerk's Office for filing the following day on October 16, 2007.[4] This record shows that, although Lazo had been aware of the facts underlying his claims since he was sentenced on July 29, 2004, he delayed filing a state habeas application until October 5, 2007, when he had almost no time left to seek federal habeas review. Lazo offers no valid explanation for his lack of diligence. It is well established that equitable tolling is not available where, as here, the petitioner squanders his federal limitations period. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Apart from his lack of diligence, Lazo does not demonstrate that exceptional circumstances prevented him from filing a timely petition and the record does not otherwise support an exercise of discretion in his favor. Lazo argues that some of the delay in this case should be excused because he was prevented from receiving timely notice after his state writ application was denied. Lazo notes that the Texas Court of Criminal Appeals denied his state habeas corpus application on March 12, 2008, but did not send official notice of that decision until several days later. (Doc. # 13, Exhibit J) (containing a postcard from the Texas Court of Criminal Appeals that is postmarked March 18, 2008). Lazo maintains that this notice was

---

[4] The Court takes judicial notice that Columbus Day, which is a federal holiday without mail service, occurred during the intervening time period on Monday October 8, 2007.

8

not delivered to him at his prison unit until March 24, 2008. He executed his federal petition promptly thereafter on March 25, 2008. Complaining that the Texas Court of Criminal Appeals unreasonably delayed sending notice of its ruling, Lazo maintains that he is entitled to equitable tolling.

Lazo's argument is unavailing for more than one reason. The record shows that the Texas Court of Criminal Appeals sent notice of its decision no more than one week after the ruling was made. (Doc. # 13, Exhibit J). Thus, the notice in this case was not substantially delayed. *Cf. Phillips v. Donnelly*, 216 F.3d 508 (5th Cir. 2000) (holding that equitable tolling might be available where the petitioner alleged receipt of notice denying his state writ four *months* after the decision). More importantly, as outlined above, responsibility for the extensive delay in this case rests not with the Texas Court of Criminal Appeals, or the system that it uses to send notice of its ruling, but with Lazo's decision to delay filing his state habeas application until he had only days left in his federal habeas corpus limitations period. As the Fifth Circuit has observed in a previous case, this decision rested on matters totally within the petitioner's control. *See Ott*, 192 F.3d at 514. In light of his own record of delay, Lazo does not show that his failure to file a timely federal petition is excused by exceptional circumstances that were beyond his control.

The Court acknowledges that Lazo has represented himself on collateral review, both in state and federal court. The Fifth Circuit has held, however, that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition. *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002); *see also United States v. Flores*, 981 F.2d 231, 236 (5th

Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). The petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The Court is also mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[5] *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). The doctrine of equitable tolling is applied "restrictively" and, as the Fifth Circuit has held repeatedly, "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir.

---

[5] Alternatively, the Court notes that Lazo's ineffective-assistance claim was adjudicated on the merits on state habeas corpus review. *See Ex parte Lazo*, Nos. 69,317-01, 69,317-02, and 69,317-03 (March 12, 2008) (denying relief, without written order, based on findings made by the same trial court that presided over the guilty plea and sentencing). Although Lazo complains that his guilty plea was invalid because he relied on erroneous advice from his attorney, he does not allege that he suffered the requisite prejudice as a result. In that respect, Lazo does not allege that, but for his counsel's deficient advice, he would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Lazo's allegations do not otherwise demonstrate that the state court's decision to reject this claim was contrary to or involved an unreasonable application of clearly established law as determined by the Supreme Court. *See Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005) (A guilty plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal); *see also Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002) (observing that, where the defendant's expectation of a lesser sentence did not result from a promise or guarantee by the court, the prosecutor, or defense counsel, the guilty plea stands). Thus, Lazo does not show that he is entitled to relief under 28 U.S.C. § 2254(d) in this case.

2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)); *see also Lookingbill*, 293 F.3d at 264-65 (holding that lateness of four days was not excused). The Court concludes that the petitioner's circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Lazo has not established that he is entitled to equitable tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over twelve years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>April 30th</u>, 2009.

_____
Nancy F. Atlas
United States District Judge

12